1                         UNITED STATES DISTRICT COURT
                         DISTRICT OF MASSACHUSETTS

2

3    ------------------------------

4    UNITED STATES OF AMERICA,

5                     Plaintiff,       Criminal Action
                                   No. 17-10368-DJC

6    V.

                                   July 23, 2019

7    MASON STICKNEY,

8                   Defendant.

9    ------------------------------

10

11               TRANSCRIPT OF STATEMENT OF REASONS

12           BY THE HONORABLE DENISE J. CASPER

13             UNITED STATES DISTRICT COURT

14          JOHN J. MOAKLEY U.S. COURTHOUSE

15               1 COURTHOUSE WAY

16               BOSTON, MA   02210

17

18

19

20

21          DEBRA M. JOYCE, RMR, CRR, FCRR
               Official Court Reporter
         John J. Moakley U.S. Courthouse
22         1 Courthouse Way, Room 5204
                Boston, MA   02210
23            joycedebra@gmail.com

24

25

1                    *   *   *   *   *   *   *   *   *

2            THE COURT:  Counsel, Mr. Richardson, Mr. McGinty, as

3    always, I appreciate the advocacy on either side.  Both sides

4    gave me a fair amount to think about, which, Mr. Stickney, I

5    have done prior to this hearing and in reflection upon the

6    further arguments today.

7            I also considered the letter that you wrote to me and that

8    you read to me, as well as all of the other evidence in the

9    record and the arguments that your counsel makes on your

04:25 10   behalf, as Mr. Richardson does on behalf of the government.

11           Mr. Stickney, to determine what sentence I should impose,

12   I need to impose a sentence that would be reasonable and

13   appropriate given all of the factors under Title 18, United

14   States Code, 3553(a).  Those factors include, but are not

15   limited to, the guideline, the advisory guideline sentencing

16   range; the nature and circumstances of the crimes that you

17   committed here; your personal history and background; and the

18   need for any sentence I impose not just to reflect the

19   seriousness of your offense but also promote respect for the

04:25 20   law; provide just punishment and adequate deterrence, not just

21   to you, but to others as well; and avoid unwarranted sentencing

22   disparities.  I've considered all of those factors in regards

23   to the evidence that's before me for this, your sentencing.

24           I do want to say a number of things about a few of the

25   factors that I've considered here.

1       First, obviously, Mr. Stickney, I considered the crimes

2    that you've committed here.  You're charged in three separate

3    counts with use of interstate facilities for the commission of

4    a murder for hire.  You've heard Mr. Richardson make reference

5    to those three counts that in October through November of 2017

6    in conversations, 30 or so conversations, with a fellow inmate

7    and then later with an undercover agent that you thought was a

8    hitman.  You discussed engaging him for the murder of a police

9    officer, the murder of a college student, and the murder of an

04:27 10   owner of a restaurant in New Hampshire.  There was also

11   discussion of having the niece and nephew or who you believed

12   might be a niece and nephew of the assistant district attorney

13   prosecuting your case kidnapped and those relatives murdered.

14   These discussions were not a singular discussion, they were

15   also detailed in -- by you in providing information about the

16   location and identities of these victims and were specific in

17   terms of what you wanted to have done to each of these

18   individuals in murdering them and in disposing of their bodies.

19       I take Mr. McGinty's point about the other -- the inmate

04:28 20   that you had these conversations with having their own

21   motivation for hearing these conversations, but that doesn't

22   explain the further discussions with this third party who you

23   didn't know at the time was an agent or the context and the

24   background against which you engaged them which included

25   efforts on your own to locate these victims and otherwise focus

1    on them as even some of the pending state charges indicate in
2    regards to the second victim, the college student.

3          I considered all of that context as well as the context,
4    as Mr. McGinty pointed out, that there's no suggestion that you
5    would have been able to produce the $10,000 that there was
6    discussion about that you would give to these individuals for
7    committing these crimes on your behalf, although I believe
8    there were statements not just about providing $10,000, but
9    also murdering people for them also in exchange, and I've
04:29 10   considered all of that context.

11         I certainly, Mr. Stickney, have not just considered the
12    crimes that you've committed here.  I'm required to, and I
13    certainly have, given a lot of thought to the other factors
14    that I need to weigh under 3553(a), that includes your personal
15    history, background, and characteristics.

16         I've considered that you're now 22 years old, that you
17    were 20 when you committed the charged crimes, that you were
18    born in Methuen.  You spent some time in New Hampshire but have
19    lived primarily in Massachusetts and most recently with your
04:29 20   mother.  I've noted that you lived with your parents until you
21    were about 12 years old.  As Mr. McGinty has noted on your
22    behalf and as was reported in the presentence report, sadly,
23    your father was abusive to you and other members of your
24    household, dealing with his own drug addictions and alcohol
25    problems, and that you were DCF involved at an early age and

1    placed into foster care and group homes where, again, you may

2    have suffered the abuse at the hands of others.

3           I've taken note that you attended several high schools

4    where you were on an IEP for certain emotional and behavioral

5    issues.  You've not received a high school diploma, but you did

6    complete the high school program at the Lighthouse School, and

7    I believe you were also on an IEP during your time in high

8    school.

9           Your employment history is brief.  By my accounting,

04:31 10   it was only about half a year during what I believe was your

11   senior year, but you've had no other work history.  You have

12   self-reported using alcohol since the age of 14 and regularly

13   using marijuana since the age of 16 until your arrest in the

14   underlying state cases that are still pending.

15          I've given great consideration to your mental health

16   history, which is reported to me in various places in the PSR

17   in which Mr. McGinty and Mr. Richardson have made reference to.

18   I think it's fair to say that over time various therapists and

19   doctors have not perhaps landed on a definitive mental health

04:31 20   diagnosis.  When you were younger, there was reference to

21   whether or not you were on the autism spectrum, suffering from

22   PTSD or otherwise suffering from a mood disorder and

23   depression.  Perhaps the more reliable, just because they're

24   more recent in time, evaluations that were done in the fall of

25   2016 when you were age 19 and in April to May of 2017 when you

1   were about to turn 20 are perhaps the most reliable.  The fall

2   2016 diagnosis was of depressive disorder; and in April through

3   May of 2017, the Bridgewater evaluation resulted in a diagnosis

4   of unspecified personality disorder.  Both indicated, if I'm

5   recalling correctly, no specific or specified mental illness,

6   but certainly your full history evidenced some history of

7   mental illness, even if it's not specified.  So I've given

8   consideration to that.

9                I've also given consideration that you have, prior to

04:33 10   this case, no prior criminal history.  Although I noted, as I

11   think it's appropriate to do here, particularly given the

12   nature of the crimes charged against you, of multiple

13   restraining orders taken out by seven different women, which

14   was reflected in the PSR.  I have taken note of that largely

15   because of the nature of the behavior that was -- which gave

16   rise to those restraining orders, which is not dissimilar to

17   some of the conduct for which you are -- have charges pending

18   against you in state court, particularly the charges that

19   relate to Victim 2 and Victim 2's girlfriend.  I've also made

04:34 20   note, Mr. Stickney, of the nature of the state charges that are

21   pending against you, and I've considered that as well.

22                I've also considered the matters and incidents that

23   have occurred while you've been incarcerated.  I understand

24   Mr. McGinty's point about the magnitude of that behavior versus

25   the behavior that you were commissioning here, murder, none of

1    that conduct rises to that level, but it certainly is

2    reflective of the nature of the threats that you've given in

3    other contexts, namely, as you're charged in state court and,

4    namely, as gave rise to some of the restraining orders that

5    were sought against you.

6         Mr. Stickney, I've also considered the advisory

7    guideline sentencing range that you heard me discuss with

8    counsel here.  The advisory guideline sentencing range of 210

9    to 262 months I don't think would lead to an appropriate

04:35 10   sentence here, and I know that counsel -- neither counsel urges

11   me to impose a sentence in that applicable range, which I do

12   find was appropriately calculated.

13        The government has made a recommendation of a

14   substantial sentence of 151 months, which would reflect a

15   consolidation of the charges against you and not counting each

16   separately, and Mr. McGinty makes recommendation for a much

17   lesser sentence for all of the reasons that he articulated.

18        I think the best way to think about the sentencing

19   here is not just in the way the government posed it in looking

04:36 20   at the advisory guideline sentencing range of base offense

21   level 34, but also to think about the statutory maximum

22   sentence that applies here to each of the counts of 120 months.

23   Certainly the purpose of the guideline provision was to

24   consider the seriousness of this crime, use of a facility for

25   the commission of a murder for hire, and to seek a sentence

1    that is close to that statutory maximum sentence, and I think
2    it's appropriate for me to give great consideration to what the
3    statutory maximum sentence is here in whether or not a sentence
4    close to that statutory maximum is appropriate.

5            I think it is always hard, Mr. McGinty, to compare
6    cases, other cases to the case currently before me because the
7    determination I need to make here under 3553(a) must be
8    individualized, and I think the Carmona case, although I did
9    read and consider it, is both factually distinctive in a number
04:37 10   of ways, some of which I referenced in my commentary to you
11   before we recessed.  It only involved one victim.  I don't
12   believe, at least based on the transcript, that it involved the
13   course of conduct by the defendant of repeated and sustained
14   conversations, not just with his fellow inmate, but also with
15   someone he didn't understand to be an undercover agent, but
16   also from a sentencing perspective, since there was only one
17   victim, the sentencing range there, which would have otherwise
18   been much higher, was capped at 120 months.  So the variance
19   that my colleague imposed was a significant one, but actually
04:38 20   less significant than the one that I will give here considering
21   the advisory guideline sentencing range and even considering
22   the government's recommendation.

23           For all of those reasons, I'm going to impose a
24   significant sentence because I think one is warranted here in
25   the context not just of the crimes charged but all of the

1   factors I've considered under 3553(a), but one that is less

2   than what the government seeks and certainly what the advisory

3   guideline sentencing range would otherwise be.  For all of

4   those reasons, Mr. Stickney, I'm going to impose a sentence of

5   90 months of incarceration, three years of supervised release.

6   I'm not imposing a fine.  I will impose the $300 mandatory

7   special assessment.  I do think this sentence is sufficient,

8   but not greater than necessary, to effectuate all of the goals

9   of the sentencing that I referenced before.

10                  *   *   *   *   *   *   *   *   *   *

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25